IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NANCY MORROW, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 2772 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| JOHN E. POTTER, Postmaster General, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Nancy Morrow has filed a complaint against her former employer, John E. Potter, Postmaster General for the United States Postal Service (the "USPS"), asserting claims for age discrimination, harassment, and retaliation. Defendant has moved to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, defendant's motion to dismiss is granted.

## FACTS

The facts alleged in the complaint are taken as true for purposes of the instant motion. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). Plaintiff is employed by the USPS in Chicago. She alleges that, while working as a retail window clerk, a "mystery shopper" came to her window in retaliation for prior EEO activity. Employees are unaware of mystery shoppers, customers who prepare evaluations based on their experience. Like many retailers, the USPS uses mystery shoppers in part to determine performance of employees. In 2008, the USPS and the American Postal Workers Union agreed that the "Mystery Shopper Program" cannot be used as the basis for discipline.

Plaintiff also alleges that the USPS discriminated against her based on her age when she was assigned to work on her regular day off on the Saturday before Labor Day 2009. Four employees were assigned to work on that day, even though they had the day off.

Attached to plaintiff's complaint, an investigative document prepared by the USPS's independent contractor includes other incidents she identifies as retaliatory harassment. Specifically, plaintiff alleges that: a manager blocked her path and refused to move; she was hindered from clocking in on two days; she was told to sign a form for "Absence Without Official Leave" even though her leave had been previously approved; she had to work in Distribution even though she was scheduled to work in Finance; and she received a letter of warning charging her with unacceptable conduct.

## DISCUSSION

**Legal Standard**

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to rule on its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court accepts all well-pleaded allegations of the complaint as true and draws all reasonable inferences in the plaintiff's favor. McMillan v. Collection Prof'ls, Inc., 455 F.3d 754, 758 (7th Cir. 2006). Nevertheless, the complaint must plead sufficient facts to suggest plausibly that the plaintiff is entitled to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

**Analysis**

Title VII forbids discrimination with respect to an employee's "*compensation, terms, conditions, or privileges* of employment, because of such individual's race, color, religion, sex,

or national origin." 42 U.S.C. § 2000e-2(a)(1) (emphasis added); Coffman v. Indianapolis Fire Dept., 578 F.3d 559, 564 (7th Cir. 2009). The Age Discrimination in Employment Act forbids an employer from taking *adverse personnel action* affecting employees "because of such individual's age." 29 U.S.C. § 633(a)(1); Atanus v. Perry, 520 F.3d 662, 672 (7th Cir. 2008). "For an employment action to be actionable, it must be a 'significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" Bell v. E.P.A., 232 F.3d 546, 555 (7th Cir. 2000) (citing Burlington Indus. v. Ellerth, 524 U.S. 742, 761 (1998); Ribando v. United Airlines, Inc., 200 F.3d 507, 511 (7th Cir. 1999).

Thus, plaintiff "must show some quantitative or qualitative change in the terms or conditions of [her] employment." Johnson v. Cambridge Industries, Inc., 325 F.3d 892 (7th Cir. 2003). Plaintiff's allegations—for example, that the USPS sent mystery shoppers to her retail window and selected her to work on a day off—do not include a quantitative or qualitative change in employment status. A letter of warning charging her with unacceptable conduct is not an adverse action.[1] Plaintiff's claims for age discrimination and retaliation are not actionable and are dismissed.

To prevail on a hostile work environment claim, a plaintiff must show that the work environment was both objectively and subjectively hostile. Silk v. City of Chicago, 194 F.3d 788, 804 (7th Cir. 1999). An objectively hostile work environment is one that a reasonable

---

[1]In a previous case filed by this plaintiff against USPS, Morrow v. Potter, 09-CV-7144, Judge Lindberg dismissed plaintiff's complaint that the USPS discriminated against her because of her age by issuing a letter of warning for failing to maintain regular attendance at work. The court held that a letter of warning is not an adverse action.

3

person would find hostile or abusive.  Id.  To determine whether a plaintiff has met this standard a court considers all the circumstances, including: the frequency of the discriminatory conduct; its severity; whether the conduct was physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interfered with an employee's work performance.  Id.  To be actionable the harassment must be so severe or pervasive as to alter the conditions of plaintiff's employment and create an abusive working environment.  Id.

Plaintiff's claim for harassment does not rise to the level of a hostile work environment and is not actionable.  The USPS's use of mystery shoppers and its request that she work on her day off do not constitute harassment sufficient to state a claim upon which relief can be granted.  Moreover, the other incidents she identifies do not constitute a hostile work environment.  The incidents were occasional, not severe, not physically threatening or humiliating, and did not unreasonably interfere with plaintiff's work performance.  For example, plaintiff's allegation that a manager blocked her path involved a situation in which the manager told her she would have to walk around containers and tubs, where the path was clear.  Plaintiff's allegation that she was told to sign a form for "Absence Without Official Leave" involved a situation in which a manager did not have a leave slip on file, but a supervisor later confirmed the leave.

In her response, plaintiff argues that the USPS's motion to dismiss addresses only actions on September 5, 2009, even though she filed four EEO claims.  Those EEO claims allege that the USPS failed to stop harassment, unlawful conduct, and other discriminatory actions on four separate dates.  Other than September 5, 2009, the dates plaintiff lists in her response correspond to the following incidents, all of which have been considered by the court: a manager blocked her path and refused to move (August 4, 2009); she was hindered from clocking in (August 3,

4

2009);[2] she was told to sign a form for "Absence Without Official Leave" even though her leave had been previously approved (August 3, 2009); she had to work in Distribution even though she was scheduled to work in Finance (August 3, 2009); and she received a letter of warning charging her with unacceptable conduct (November 8, 2009).

In this opinion, the court properly rules on the allegations in the complaint, its attachments, and the motion. Allegations that the USPS sent mystery shoppers to her retail window and selected her to work on a day off, as well as the other incidents, do not include a quantitative or qualitative change in employment status and do not rise to the level of a hostile work environment. The complaint does not state a claim upon which relief can be granted.

## CONCLUSION

For the reasons discussed above, defendant's motion to dismiss is granted.

**ENTER:** September 10, 2010

_____
**Robert W. Gettleman
United States District Judge**

---

[2]Defendant's reply lists August 2, 2009, as the date at issue; however, the EEO complaint appears to state August 3, 2009. At any rate, the exact date is immaterial.